UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                      Plaintiff,                    Case Number 16-20414

v.                                               Honorable David M. Lawson

ALVIN COATES,

                      Defendant.

_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Alvin Coates has filed a motion asking the Court to reduce his prison sentence to time served under the compassionate release provision of 18 U.S.C. 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. He has served 17 months of his 87-month sentence for drug crimes, and he has exhausted his administrative remedies. The government concedes that Coates has exhausted his administrative remedies, but it argues that he has not shown extraordinary or compelling reasons for the relief he requests, and that applying the factors listed in 18 U.S.C. § 3553(a) militate against it. Coates argues that his physical conditions render him especially vulnerable to complications from COVID-19, should he contract that disease, and that his confinement in the congregant environment of a prison poses an unreasonable risk. However, those circumstances do not demonstrate the extraordinary and compelling reasons necessary to justify immediate release or that the factors in section 3553(a) favor the relief he requests. Therefore, his motion will be denied.

I.

On March 27, 2018, Coates pleaded guilty to conspiracy to distribute and to possess with intent to distribute a controlled substance. He participated in a drug trafficking organization as a paid delivery driver (referred to by the parties as a "runner") in a drug conspiracy to sell and deliver

heroin and crack cocaine.  The Honorable Avern Cohn sentenced Coates to 87 months in prison, the lowest sentence on the guidelines range.  He has served just over 17 months or almost 20% of his sentence.  Coates's projected release date is February 13, 2025.

The Bureau of Prisons (BOP) has confined Coates at FCI Morgantown in West Virginia, a minimum-security facility that houses roughly 500 inmates.  The BOP website does not list FCI Morgantown as one of its facilities with active COVID-19 cases, but, as three courts in this district have already explained about FCI Morgantown, the prison's report of zero confirmed cases is more likely a result of a lack of testing than a lack of the virus' presence in the prison. *See Segars v. United States*, No. 16-20222-3, 2020 WL 3172734, at *3–4 (E.D. Mich. June 15, 2020); *United States v. Agomuoh*, No 16-20196, 2020 WL 2526113, at *2-3 (E.D. Mich. May 18, 2020); *United States of America v. Jajuan Omar Gardner*, No. 14-CR-20735-001, 2020 WL 4200979, at *2 (E.D. Mich. July 22, 2020).

On June 2, 2020, Coates filed a *pro se* motion for a reduction in sentence or compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  The government filed a response.  The Court appointed counsel for Coates, who filed a reply on his behalf.  The reply serves as a supplement to Coates's *pro se* motion.

In his motion, Coates, who is 26 years old, asserts that he is qualified for release because he suffers from asthma, which presents a risk for complications with COVID-19 as outlined by the Center for Disease Control (CDC).  He also argues that his race (he is African-American) puts him at a higher risk for contracting the disease and that the living conditions in the prison make it difficult to isolate himself from other inmates.

- 2 -

II.

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Ibid.* "The request may come through a motion in federal court filed by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Or it may come through a motion filed by the inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier.'" *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Upon a proper motion via either avenue, the Court may, "[a]fter 'considering the factors set forth in section 3553(a) . . . reduce the prisoner's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction' or if the '[prisoner] is at least 70 years of age,' has 'served at least 30 years,' and meets certain other conditions." *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). Watkins relies on subparagraph (i) of the statute. Under that provision, the Court can order a reduction of a sentence, even to time served, *first*, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," *second*, if "extraordinary and compelling reasons warrant such a reduction," and *third*, if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement is found in U.S.S.G. § 1B1.13, which simply recites the statute. The commentary adds gloss, which does not have the force of law. *United States v. Havis*, 927 F.3d 382, 386 (6th Cir.), *reconsideration denied,* 929 F.3d 317

(6th Cir. 2019) (en banc) (holding that the "commentary has no independent legal force — it serves only to *interpret* the Guidelines' text, not to replace or modify it").

The government concedes that Coates has exhausted his administrative remedies, but it disagrees with his argument that his medical predisposition to COVID-19 complications amounts to "extraordinary and compelling reasons" to justify a sentence reduction.  It also argues against release because the factors in section 3553(a) do not favor it, nor do the Sentencing Commission's policy statements.  It insists that compliance with the Sentencing Commission's policy statement is mandatory, and points to one line in section 1B1.13 that requires the prisoner to prove lack of dangerousness.  But that requirement is a condition of 3582(c)(1)(A)(ii).  Coates has invoked section 3582(c)(1)(A)(i), which contains no such requirement.

That is not to say that dangerousness is irrelevant.  It is a factor incorporated in section 3553(a), which must be "consider[ed]" before release for extraordinary and compelling reasons may be allowed.  *See* 18 U.S.C. § 3553(a)(2)(C) (requiring a sentencing court to consider "the need … to protect the public from further crimes of the defendant").  And any sentence reduction also must account for "the seriousness of the offense," the need "to promote respect for the law," and "afford adequate deterrence to criminal conduct."  *Id.* § (2)(A), (C).  These factors are to be considered together with the prisoner's circumstances to arrive at a conclusion that they are sufficiently extraordinary and compelling to justify a sentence reduction.

Although Coates had no previous criminal record, Judge Cohn sentenced him to 87 months in prison.  Undoubtedly, that sentence took account of Coates's involvement in drug trafficking over several years, during which he completed hundreds of sales.  In 2016, the organization distributed a particularly lethal brand of heroin laced with fentanyl, that led to one death and several near deaths.  The 87-month sentence was sufficient to reflect the gravity of the crimes,

promote respect for the law, protect the public, and provide deterrence.  The Court determined at the time that the sentence was necessary to achieve the goals of sentencing Congress identified in 18 U.S.C. § 3553(a).  Among those goals, protection of the public was paramount in this case. Reducing that sentence by more than 80% would not promote respect for the law or provide a just punishment for Coates's crime.  Nor would it serve as a significant deterrent to others. Consideration of the factors in 18 U.S.C. § 3553(a) does not favor a sentence reduction, but they are not disqualifying.

To establish extraordinary and compelling reasons for the relief he requests, Coates points to the conditions of his physical health, arguing that he is vulnerable to complications if he were to contract COVID-19.  And he is understandably concerned about being infected with the coronavirus.  "The COVID-19 virus is highly infectious and can be transmitted easily from person to person.  COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise.  If contracted, COVID-19 can cause severe complications and death.  Because there is no current vaccine, the Centers for Disease Control and Prevention ("CDC") recommends preventative measures to decrease transmission such as physical distancing, mask wearing, and increasing focus on personal hygiene such as additional hand washing." *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). "The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation.  It presents a clear and present danger to free society for reasons that need no elaboration." *United States of America v. Ortiz*, No. 16-439, 2020 WL 3640582, at *2 (S.D.N.Y. July 6, 2020).

Moreover, "the crowded nature of federal detention centers presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread.  And, realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself.  For these reasons, in

the past months, numerous [federal] courts . . . have ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences."  *Ortiz*, 2020 WL 3640582, at *2 (collecting cases; footnotes omitted).

In his motion papers, Coates asserts that he has asthma and needs to use his inhaler six to nine times per day.  His medical records from June 2020 indicate that his asthma sometimes flares up in the spring, but that it was primarily a childhood condition.  According to the records, the last time Coates used his inhaler was at age ten.

The readily available online sources suggest that "[a]sthma is classified into four categories based on how often you have symptoms and how well you breathe.  These categories are mild intermittent; mild persistent; moderate persistent; and severe persistent."  Adult Onset Asthma WebMD Medical Reference, https://www.webmd.com/asthma/qa/what-are-the-categories-of-asthma (last visited August 10, 2020).  "Moderate persistent asthma" is characterized by the following manifestations: "You have symptoms daily.  You have nighttime symptoms more than five times per month.  Your symptoms affect your activity, happen more than two times per week, and may last for days.  Lung function tests are 60% to 80% of predicted values based on your age, sex, and height."  *Ibid.*  "Severe persistent asthma" is defined as follows: "You have symptoms continuously, with frequent nighttime asthma.  Your activities are limited.  Lung function is less than 60% of predicted values based on your age, sex, and height."  *Ibid.*

None of the records submitted reflect any diagnosis of significantly reduced lung function in Coates.  To the contrary, his asthma appears to be intermittent and largely under control; the last time Coates used his inhaler was sixteen years ago. Nothing in the available records sufficiently substantiates a conclusion that Coates's condition presently is serious enough to place

him in any category of elevated vulnerability for complications from the coronavirus disease. *See United States v. Trent,* No. 17-20839, 2020 WL 4001913, at *4 (E.D. Mich. July 15, 2020) (holding that 27-year-old defendant with moderate asthma did not warrant compassionate release).

Moreover, current CDC guidelines indicate that of people with asthma, only those "with moderate to severe asthma may be at a higher risk" of severe illness from COVID-19. CDC, People with Moderate to Severe Asthma. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last visited July 28, 2020). There are also recent reports that asthma may not impact a person's susceptibility to COVID-19 as was initially believed. *See* Danny Harkin, Asthma is Absent Among Top Covid-19 Risk Factors, Early Data Shows, The New York Times (Apr. 20, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last visited July 28, 2020).

The cases Coates cited do not persuade the Court otherwise. Although it is true that the defendant in *United States v. Hernandez,* 2020 WL 1684062, at *1 (S.D.N.Y. Apr. 2, 2020), was released in part because he suffered from asthma, the court did not elaborate on the severity of his condition. Moreover, the defendant was sentenced to a 24-month term and had served all but four months of that term. *Ibid.*

Coates also cites *United States v. Schneider,* 2020 WL 2556354 (C.D. Ill. May 20, 2020), arguing that asthma is a condition meriting release even when it is controlled with an inhaler. Although the court in *Schneider* did mention asthma as a risk factor for COVID-19, the risk was compounded by the defendant's immune disorder. The court also noted that the defendant was pregnant and had served all but four months of her sentence. *Id.* at *5. Similarly, in *United States v. Head,* 2020 WL 3180149, at *5 (E.D. Cal. June 15, 2020), the court considered asthma among

- 7 -

many other factors favoring compassionate release and noted that the defendant's asthma was "moderate to severe."

The record here indicates Coates's asthma is mild.  He does not provide support for any other medical condition that would place him at a higher risk for complications from COVID-19. Coates argues in his *pro se* motion that he has hypertension and a "low immune system," but he appears to have abandoned those arguments, as he only mentions them briefly in his *pro se* motion and does not discuss them at all in his supplemental brief.  Perhaps that is because conditions of hypertension and having a low or weakened immune system are not supported by Coates's medical records, which do not document either condition.

Coates also argues that he is at a higher risk of serious illness because of his race.  However, that does not amount to an extraordinary and compelling reason warranting his release.  Coates accurately points out the sad fact that the rates of death and hospitalization from COVID-19 among African Americans is much higher than that among the general population.  *See, e.g.*, Tiffany Ford, Sarah Reber, and Richard V. Reeves, Race Gaps in COVID-19 Deaths Are Even Bigger Than They Appear, Brookings, June 16, 2020, https://www.brookings.edu/blog/up-front/2020/06/16/race-gaps-in-covid-19-deaths-are-even-bigger-than-they-appear (last visited August 11, 2020).  However, as currently understood, that difference most probably owes to "[l]ong-standing systemic health and social inequities."  Ctrs. for Disease Control and Prevention (CDC), COVID-19 in Racial and Ethnic Minority Grps., https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/racial-ethnic-minorities.html (last visited August 11, 2020).

As other courts have also recognized, Coates's race by itself does not constitute a risk factor for complications from COVID-19 in the same way as, for instance, an underlying medical condition does.  *See, e.g.*, *United States v. White*, 2020 WL 2733891, at *5 (E.D. Mich. May 26,

2020); *Carlos M.D. v. Anderson*, 2020 WL 2487646, at *8 (D.N.J. May 14, 2020); *United States v. Leigh-James*, No. 3:15-CR-188 (SRU), 2020 WL 4003566, at *8 (D. Conn. July 15, 2020).

Coates argues his risk of contracting COVID-19 is increased because of his living conditions in prison because it is difficult to isolate from others.  It is certainly true that prisons increase the likelihood for breakouts.  The "low capacity for patient volume, insufficient quarantine space, insufficient on-site medical staff, highly congregational environments, inability of most patients to leave the facility, and limited ability of incarcerated/detained persons to exercise effective disease prevention measures" all contribute to the increased risk.  *United States v. Kennedy*, No. 18-20315, 2020 WL 1493481, at *2 (E.D. Mich. Mar. 27, 2020).

However, the possibility that COVID-19 may spread to a particular prison alone cannot independently justify compassionate release.  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).  A "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission."  *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020).

Coates's medical condition does not make him more susceptible to contracting the virus.  Infection comes from environmental factors.  And even though several BOP facilities have experienced a proliferation of confirmed COVID-19 cases, there are no reported cases of COVID-19 among the inmates at FCI Morgantown, and only one case among staff since the pandemic has become widespread in the broader population in February of this year.

None of this is to minimize the seriousness of the coronavirus pandemic or the alarming rapidity of its spread within federal prisons.  But the pandemic is a global phenomenon and some risk is inherent no matter where Coates resides, either at home or in prison.  He asserts that his risk

would be lower at home, but he has not put forth any convincing evidence to demonstrate that he is at an especially elevated risk of harm in the present situation of confinement.  And Michigan has a significant number of confirmed COVID-19 cases.  Coates has not demonstrated "extraordinary and compelling reasons" based on his physical health, and when the factors in section 3553(a) are "considered," Coates has not shown justification to reduce his sentence to time served.

III.

Coates has exhausted his administrative remedies, but he has not demonstrated that compassionate release under 18 U.S.C. 3582(c)(1)(A)(i) is justified.

Accordingly, it is **ORDERED** that the defendant's motion for compassionate release (ECF No. 777) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   August 11, 2020