UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case Number 16-20414

v.                                            Honorable David M. Lawson

ALVIN COATES,

        Defendant.
_____/

## ORDER DENYING REDUCTION OF SENTENCE

Defendant Alvin Coates was sentenced by the Honorable Avern Cohn to 87 months in prison after Coates pleaded guilty to a twelfth superseding information charging him with conspiracy to possess and distribute heroin, crack cocaine, and fentanyl. The probation department identified the sentence in this case as eligible for consideration of a reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. The probation department found that Coates's sentencing guideline range would be reduced by the retroactive application of USSG § 4C1.1(a), which calls for a two-point reduction of the offense level for offenders having no criminal history points. The government objects, arguing that Coates is categorically ineligible for a reduction under that section because his offense resulted in death or serious bodily injury. For reasons discussed below, the Court agrees that Coates is not eligible for relief and will decline the request to reduce the sentence.

I.

Coates participated in a drug trafficking organization as a paid delivery driver (referred to by the parties as a "runner") in a drug conspiracy to sell and deliver heroin, crack cocaine, and fentanyl. He had been charged with that conspiracy in an eighth superseding indictment, which included a penalty enhancement provision that alleged that his conduct caused death or serious

injury. But with the plea agreement, the government chose not to pursue those allegations against him. On March 27, 2018, Coates pleaded guilty to a twelfth superseding information charging conspiracy to distribute and to possess with intent to distribute multiple controlled substances.

Coates's criminal history produced no criminal history points, and Judge Cohn determined that the applicable offense level was 27, yielding a sentencing guideline range of 70 to 87 months. After protracted arguments with the government over the terms of the plea agreement, Judge Cohn sentenced Coates to 87 months in prison.

Following the recent sentencing guideline amendments, which would reduce the offense level to 25 if applicable, the probation department calculated the applicable sentencing range as 57 to 71 months. The probation department notified the Court of the possibility of a sentence reduction, and the government objected. Coates, through counsel, filed a response.

II.

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). But that rule comes with a few exceptions, one of which arises when a defendant was sentenced to prison "based on a sentencing [guideline] range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). When that occurs, the Court may order a reduction of the prison sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Ibid.* The Sentencing Commission's policy statement on this subject is found at USSG § 1B1.10, and it references the statute's authorization of sentence reductions based on retroactive changes to the Sentencing Guideline Manual.

Last year, the United States Sentencing Commission promulgated Amendment 821, which changed the sentencing guidelines' scoring of offense levels for zero-point offenders, that is,

defendants whose criminal history yields no criminal history points.  The amendment was made retroactive.  Part B of Amendment 821, which now appears in the guidelines at section 4C1.1(a), instructs that an offense level for zero-point offenders should be reduced by two levels if certain other requirements are met.  One requirement is that "the offense did not result in death or serious bodily injury."  USSG § 4C1.1(a)(4).

Although the government failed to include allegations of death or serious injury resulting from Coates's conduct when if filed the twelfth superseding information, to which Coates pleaded guilty, it now argues that Coates should be held responsible for those consequences.  It points to similar allegations in earlier charging documents (the eighth superseding indictment), and it states that a codefendant was convicted at trial of those penalty-enhanced charges.  It calls the Court's attention to proofs in that trial consisting of testimony of a person who said she consumed drugs supplied by Coates and who suffered a near-fatal overdose.  Of course, Coates did not participate in that trial, and he did not have any opportunity to cross-examine any of the witnesses.  That evidence cannot be used against him here, as it would implicate substantial due process concerns. *See Lankford v. Idaho*, 500 U.S. 110, 126-27 (1991).  And it is unlikely that Congress intended that district courts conduct a series of minitrials to determine if retroactive applications of guideline amendments are applicable.

The better approach is to take guidance from the line of cases that prescribe the methodology for determining if prior convictions constitute predicate offenses under the Armed Career Criminal Act or the sentencing guideline enhancement for armed career criminals.  Under that approach, courts "consider neither 'the particular facts underlying the prior convictions' nor 'the label a State assigns to [the] crime[s].'"  *Shular v. United States*, 589 U.S. 154, 157 (2020) (quoting *Mathis v. United States*, 579 U.S. 509-10 (2016)); *United States v. Cervenak*, 99 F.4th

852, 856 (6th Cir. 2024). Instead, courts limit their consideration to a list of official documents that have come to be known as "*Shepard* documents," and consist of "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005).

The analogy to determinations under USSG § 4C1.1(c) is not perfect, inasmuch as the categorical approach exercise is designed to determine offense elements, not the consequences of criminal conduct. But the procedures share practical benefits for judicial and administrative efficiency. The point of the categorical approach (or the modified categorical approach) is to avoid delving into the historical facts of a case to determine if past conduct triggers sentencing enhancements. It serves a "'practical' purpose[]: It promotes judicial and administrative efficiency by precluding the relitigation of past convictions in minitrials conducted long after the fact." *Moncrieffe v. Holder*, 569 U.S. 184, 200-01 (2013) (citing *Chambers v. United States,* 555 U.S. 122, 125 (2009)).

Here, the government abandoned the formal charge that Coates caused death or serious injury when he delivered potentially lethal drugs. However, among the *Shepard* documents in this case is the plea agreement, in which Coates admitted that one of the drug customers that received heroin or fentanyl from him on March 17 and 31, 2016 suffered an overdose. ECF No. 425, PageID.2095. Application note M to guideline section 1B1.1 defines "serious bodily injury" as an "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." A drug overdose by its nature is life-threatening and incapacitating for a period of time, easily fitting within the definition quoted above.

It is apparent, then, that Coates's offense, which included the distribution of heroin and fentanyl to a person who, by Coates's own admission, suffered an overdose, resulted in serious bodily injury. Therefore, he is ineligible for relief under USSG § 4C1.1(a)(4).

### III.

Because defendant Coates does not qualify for an adjustment to his sentencing guideline range under USSG § 4C1.1(a), or any other guideline amendment made retroactive by the Sentencing Commission, his sentence cannot be reduced.

Accordingly, it is **ORDERED** that the defendant's request to reduce his sentence (ECF Nos. 901, 912) is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:  June 11, 2024